# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DR. STEVEN BUIE, et al.,                )  | |
|             Plaintiffs,   )  | |
| vs.                                                )  | No. 05–0534-CV-W-FJG |
| BLUE CROSS AND BLUE SHIELD OF  )  | |
| KANSAS CITY, INC., et al.,             )  | |
|             Defendants.  )  | |

## ORDER

Pending before the Court are (1) the Humana Defendants' Motion to Stay all Proceedings pending a final ruling by the Judicial Panel on Multidistrict Litigation on Defendants' Request for a Transfer with Supporting Suggestions (Doc. No. 5); (2) United Defendants' Motion to Join Humana Defendants' Motion to Stay (Doc. No. 8); (3) Coventry Health Care, Inc., Coventry Health and Life Insurance Company, and Coventry Health Care of Kansas, Inc.'s Motion to Join Humana Defendants' Motion to Stay (Doc. No. 10); (4) Defendants RightCHOICE Managed Care, Inc., d/b/a Blue Cross and Blue Shield of Missouri, and HMO Missouri, Inc.'s Motion to Join Humana Defendants' Motion to Stay (Doc. No. 11); and (5) Defendants Blue Cross and Blue Shield of Kansas City and Good Health HMO, Inc.'s Motion to Join Humana Defendants' Motion to Stay (Doc. No. 13).

As a preliminary matter, all of the various motions to join in the motion to stay (Doc. Nos. 8, 10, 11, and 13) will be **GRANTED.**

The Humana Defendants (Humana Inc., Humana Health Plan, Inc., and Humana Insurance Company) request a stay of all proceedings pending a final ruling from the JPML that this action be transferred to the United States District Court for the Southern District of Florida for inclusion in <u>In re Managed Care Litigation</u>, MDL Case No. 1334, before the Honorable Federico A. Moreno.

This Court may, in its discretion, grant a stay when it serves the interest of judicial economy and efficiency. Particularly in a case where an MDL transfer is pending, the Court

should balance three factors to determine whether a stay would meet that standard: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

After considering the arguments presented by the parties, the Court agrees with the Humana Defendants that the interests of justice and efficiency would be served by a stay. In particular, interests of judicial economy weigh in favor of entering a stay in order to avoid duplicative proceedings, and if a stay is not entered, the defendants will be forced to simultaneously litigate the same issues that are now before Judge Moreno. The potential prejudice to plaintiffs is minimal, especially considering that plaintiffs' counsel will be arguing substantially the same issues in Mirabile, et al., v. Blue Cross and Blue Shield of Kansas City, Inc., et al., No. 05-2223-KHV-DJW, a case in which Magistrate Judge David J. Waxse of the District of Kansas granted a stay pending transfer to the MDL after receiving notice that the action had been conditionally transferred to MDL No. 1334.

Furthermore, plaintiffs' pending remand motion "can be presented to and decided by the transferee judge." In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. Aug. 15, 2001); In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990). Additionally, when the "jurisdictional issue[s] in question [are] easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation," having the transferee judge decide those issues promotes judicial economy. In re Ivy, 901 F.2d at 9. It appears from the record that the jurisdictional issues presented in this case may be capable of arising in other cases across the country.

Therefore, Humana Defendants' Motion to Stay all Proceedings pending a final ruling by the Judicial Panel on Multidistrict Litigation on Defendants' Request for a Transfer with Supporting Suggestions (Doc. No. 5) is **GRANTED.** All proceedings in this case shall be stayed pending a final ruling by the Judicial Panel on Multidistrict Litigation on

2

defendants' request for transfer of this action to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1407, for inclusion in the coordinated pretrial proceedings currently taking place before the Honorable Federico A. Moreno in the multidistrict litigation captioned <u>In re Managed Care Litigation</u>, MDL Case No. 1334.

**IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
United States District Judge

Dated:   September 13, 2005
Kansas City, Missouri